USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW ANDERSON,

                        Plaintiff,

-against-

NEW YORK STATE; NEW YORK CITY TAXI AND LIMOUSINE COMMISSION; ALL TAXI MANAGEMENT,

                        Defendants.

25-CV-1990 (MMG)

**ORDER OF SERVICE**

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting challenges to New York's Central Business District (CBD) Tolling Program (known as "congestion pricing") insofar as it affects him as a taxi driver, New York City's fee and licensing scheme for taxi and for-hire vehicles, and the fairness of his contractual relationship with the purported lessee of his taxi medallion. By order dated March 14, 2025, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

**DISCUSSION**

**A.    State of New York**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not

abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Here, Plaintiff brings federal claims against the State of New York, under Section 1983, for alleged violations of the Excessive Fines Clause of the Eighth Amendment due to the imposition of tolls, including congestion pricing, on him as a taxi driver. Because Section 1983 does not abrogate the State's Eleventh Amendment immunity, Plaintiff's Section 1983 claims against the State of New York must be dismissed based on Eleventh Amendment immunity.

**B.     Triborough Bridge and Tunnel Authority (TBTA)**

The CBD Tolling Program directs the Triborough Bridge and Tunnel Authority (TBTA) to "implement a plan for credits, discounts and/or exemptions for tolls paid on bridges and crossings" and for tolls paid by for-hire vehicles. N.Y. Veh. & Traf. Law § 1704-a(3)-(4). Because it appears that the Triborough Bridge and Tunnel Authority (TBTA), which is a public benefit corporation, N.Y. Pub. Auth. Law § 552(1), is responsible, at least in part, for the challenged tolls, the Court liberally construes Plaintiff's *pro se* complaint as asserting these claims against the TBTA and directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption to add the TBTA as a defendant. This amendment is without prejudice to any defense that TBTA may wish to assert.

**C.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).[1]

To allow Plaintiff to effect service on Defendants TBTA, the New York City Taxi & Limousine Commission, and All Taxi Management, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses the State of New York based on Eleventh Amendment immunity. The Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to add the Triborough Bridge and Tunnel Authority as a defendant.

The Clerk of Court is further instructed: (1) to complete the USM-285 forms with the addresses for the TBTA, the New York City Taxi & Limousine Commission, and All Taxi

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue

Management, Inc.; (2) to deliver to the U.S. Marshals Service all documents necessary to effect service; and (3) to mail Plaintiff an information package.

SO ORDERED.

Dated:   March 20, 2025
          New York, New York

                                          MARGARET M. GARNETT
                                          United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Triborough Bridge and Tunnel Authority
   2 Broadway, 23rd Floor
   New York, New York 10004

2. The New York City Taxi & Limousine Commission
   Office of Legal Affairs
   33 Beaver Street, 22nd Floor
   New York, NY 10004

3. All Taxi Management, Inc.
   41-25 36th Street
   Long Island City, NY 11101