UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW ANDERSON,                              :
                                             :
                          Plaintiff,          :          25-CV-1990 (MMG) (RWL)
                                             :
         - against -                          :
                                             :          **ORDER**
THE NEW YORK CITY TAXI &                      :
LIMOUSINE COMMISSION, ALL TAXI                :
MANAGEMENT, INC., and TRIBOROUGH              :
BRIDGE AND TUNNEL AUTHORITY,                  :
                                             :
                          Defendants.         :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Andrew Anderson brings this action alleging violations under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  By Order dated March 14, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is without prepayment of fees.  (Dkt. 4.)  On December 10, 2025, the Court issued a Report and Recommendation ("R&R") recommending Defendants' motions to dismiss be granted with leave to amend, and Defendant All Taxi's motion to compel arbitration be granted.  (Dkt. 43.)  There are two sets of pending objections to the R&R.  (*See* Dkts. 44, 51.)  On March 19, 2026, Plaintiff filed a motion for the appointment of pro bono counsel. (Dkts. 55-56.)   For the reasons set forth below, Plaintiff's application is DENIED WITHOUT PREJUDICE to an application at a more advanced stage of the case, in the event the case advances past a motion to dismiss.

I.      **Legal Standard**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).   Unlike in

criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for pro bono representation. *Id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for pro bono counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court then must consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as: (1) the indigent's ability to investigate the crucial facts, (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, (3) the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

2

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

## II.    Application

The Court granted Plaintiff's IFP request in March 2025.  (Dkt. 4.)  In his application for pro bono counsel, Anderson states that his previously-filed IFP application is a true and correct statement of his current financial condition. (Dkt. 56.)   Thus, Anderson qualifies as indigent.

On the current record, following briefing on Defendants' motions to dismiss, without development of the factual record, and before the District Judge's final order regarding objections to the R&R, it does not appear that Plaintiff's claims are "likely to be of substance."  *Hodge*, 802 F.2d 61-62.  Nor has Plaintiff shown, pursuant to the remaining *Hodge* factors, that his claims are such that he would be unable to research and present his case or that the appointment of counsel would be more likely to lead to a just determination.  For these reasons, Plaintiff's application for the appointment of pro bono counsel is denied without prejudice.

Plaintiff is reminded that, to the extent he seeks immediate assistance in responding to Defendants' motions to dismiss, there is a legal clinic in this District to assist people who are parties in civil cases and do not have lawyers.  The Federal Pro Se Legal Assistance Project, run by the City Bar Justice Center, can provide free, limited-scope

legal services to self-represented litigants (plaintiffs and defendants) with civil cases in the U.S. District Court for the Southern and the Eastern Districts of New York, who cannot otherwise afford to hire an attorney.  The Clinic is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22.  The Clinic is open for in-person and remote appointments on weekdays from 10:00 a.m. to 4:00 p.m., except on days when the Court is closed. The clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).

The Clerk of Court is directed to email a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 23, 2026
　　　New York, New York

Copies transmitted this date to all counsel of record.