UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/15/2026

ANDREW ANDERSON,

Plaintiff,

-against-

NEW YORK CITY TAXI AND LIMOUSINE COMMISSION; ALL TAXI MANAGEMENT; TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

Defendants.

25-CV-01990 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Andrew Anderson, proceeding *pro se*, commenced this action on March 9, 2025, against Defendants New York City Taxi & Limousine Commission ("TLC"), Triborough Bridge and Tunnel Authority ("TBTA"), and All Taxi Management, Inc. ("All Taxi"). Dkt. No. 1. Plaintiff, a New York City taxi operator, alleges that various deductions from his weekly earnings—including those associated with New York's Central Business District Tolling Program (hereinafter "Congestion Pricing")—violate the Eighth Amendment's prohibition on excessive fines and the Fifth and Fourteenth Amendments' guarantee of due process. *Id.* at 2, 6.

On May 28, 2025, All Taxi moved to compel arbitration pursuant to the arbitration clause contained in the Leasing Agreement between Plaintiff and All Taxi. Dkt. No. 20. TLC and TBTA separately moved to dismiss the Complaint on June 2, 2025, and June 16, 2025, respectively, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. Nos. 23 & 29. On December 10, 2025, Magistrate Judge Lehrburger issued an Order granting All Taxi's motion to compel arbitration and a Report and Recommendation recommending that TLC's and TCBA's motions to dismiss be granted with leave to amend. Dkt. No. 43 ("R&R").

TLC timely objected to the R&R, arguing that although dismissal was appropriate, leave to amend should be denied because any amendment would be futile. Dkt. No. 44 ("TLC Obj."). Plaintiff also filed objections, asserting that the R&R failed to consider a variety of constitutional theories concerning New York City's taxi regulatory framework and its alleged effects on taxi owner-operators. Dkt. No. 51 ("Pl. Obj."). Plaintiff also filed a response to TLC's objections. Dkt. No. 54.

Upon careful review of the record and Judge Lehrburger's thorough and well-reasoned R&R, the Court adopts the R&R in substantial part. The Court agrees with Judge Lehrburger that Plaintiff fails to state a plausible constitutional claim against either governmental defendant. The Court modifies the R&R only with respect to the disposition of TLC's motion. Because Plaintiff's alleged injury is not fairly traceable to TLC or the City of New York, amendment would be futile, and Plaintiff is therefore not entitled to amend as to TLC.

Accordingly, TBTA's motion to dismiss is GRANTED with leave to amend; TLC's motion is also GRANTED, but without leave to amend.

## DISCUSSION

The facts underlying Plaintiff's claims are extensively outlined in the R&R, familiarity with which is assumed, and which is attached to this Order for ease of reference.

## I. STANDARD OF REVIEW

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party submits timely

and specific objections to a report and recommendation, the district court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with [the] objections and replies." *Bandhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002).[1] Furthermore, the district court "may adopt those portions of the . . . report to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Alverio v. Colvin*, No. 13-CV-4722, 2015 WL 1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When the parties make no objections to the Report [and Recommendation], the Court may adopt [it] if there is no clear error on the face of the record." (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).

## II. PLAINTIFF'S OBJECTIONS ARE WITHOUT MERIT

Plaintiff filed a lengthy, 124-page submission objecting to the R&R. Liberally construed, Plaintiff's submission raises three principal objections. *First*, Plaintiff contends that Judge Lehrburger misunderstood his status as an independent taxi owner-operator and therefore erred in concluding that he failed to plead a protected property interest under the Due Process Clause. Pl. Obj. at 3–4. *Second*, Plaintiff argues that the R&R failed to consider various constitutional challenges to New York City's tax licensing and regulatory framework, including theories concerning mandatory routing of transactions through private intermediaries, alleged state-created economic dependency, and purportedly arbitrary regulation of the taxi industry. *Id.* at

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

17. *Third*, Plaintiff asserts that the R&R overlooked the degree of economic control allegedly exercised by the City over licensed taxi operators. *Id*. at 67–68. The Court overrules these objections.

"Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08-CV-03782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011). Likewise, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Layne v. Capra*, No. 17-CV-06736 (AT), 2018 WL 5255171, at *1 (S.D.N.Y. Oct. 22, 2018) (quoting *Razzoli v. Fed. Bureau of Prisons*, 12-CV-03774 (LAP), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014)). To permit otherwise would "unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments." *Abu–Nassar v. Elders Futures*, No. 88 Civ. 7906 (PKL), 1994 WL 445638, at *4 n. 2 (S.D.N.Y. Aug. 17, 1994).

Plaintiff's objections fall squarely within these exclusions. Plaintiff does not identify any errors in Judge Lehrburger's analysis of the claims alleged in the Complaint. Rather, Plaintiff advances an extensive new factual narrative and a series of constitutional theories that were not presented in the Complaint or in his opposition to Defendants' motions to dismiss. The Complaint principally alleges that deductions from Plaintiff's earnings—including deductions associated with Congestion Pricing—violate the Due Process Clause and the Excessive Fines Clause. *See generally* Dkt. No. 1. Plaintiff's objections, by contrast, challenge the overall structure of New York City's taxi licensing regime, Pl. Obj. at 17–26; assert that the City has effectively delegated governmental authority to private intermediaries, *id.* at 5–13; contend that owner-operators possess distinct constitutional property interests not recognized by the R&R, *id.*

at 27–36; and advance new theories concerning occupational liberty and economic coercion, *id.* at 89–100. Those allegations improperly expand the scope of the case beyond the claims that were presented to Judge Lehrburger, either in the Complaint or in Plaintiff's opposition to the motions to dismiss.

Nor do Plaintiff's objections demonstrate any error in the R&R's analysis of the claims actually pled. Judge Lehrburger carefully considered Plaintiff's constitutional claims, correctly concluded that Plaintiff failed to identify any protected property interest implicated by the challenged conduct, and properly rejected Plaintiff's due process and Excessive Fines Clause theories. *See* R&R at 16–21. The Court has independently reviewed those portions of the R&R and finds Judge Lehrburger's reasoning to be well-supported and free from legal error.

Although the Court must construe a *pro se* litigant's submissions liberally and interpret them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), this accommodation does not relieve a litigant of the obligation to present his claims to the magistrate judge in the first instance, nor does it sanction consideration of entirely new legal theories raised only after the issuance of a report and recommendation. *Cf. Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008), *abrogated on other grounds by Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349 (2d Cir. 2025). Because Plaintiff's objections consist of new allegations and new arguments that were not presented to the magistrate judge originally, they provide no basis for rejecting the R&R. Accordingly, Plaintiff's objections are overruled.

## III. TLC'S OBJECTIONS ARE WELL-FOUNDED

TLC objects to the portion of the R&R recommending that Plaintiff be granted leave to amend his claims against TLC. TLC Obj. at 4–6. TLC argues that amendment would be futile

because it would not allow Plaintiff to establish Article III standing against either TLC or the City of New York (which would be the proper defendant in any event, as TLC is a constituent agency of the City). *Id.* at 6. The Court agrees.

Article III standing requires a plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Because standing is defendant-specific, a plaintiff must establish these elements separately as to each defendant against whom relief is sought. *See Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62–63 (2d Cir. 2012). The distinction between the standing arguments advanced by TBTA and TLC is therefore significant.

TBTA argued that Plaintiff lacks standing because Plaintiff failed to allege an injury in fact. *See* Dkt. No. 30 at 11–12 ("Plaintiff is not legally required to pay the 75-cent per trip CBD toll when he is carrying fare-paying passengers to, from, or within the CBD. . . . Plaintiff has not shown or suffered an 'injury-in-fact.'"). Contrary to TBTA's contention, the R&R found that "[w]hile further development of the evidentiary record may show that [Plaintiff] absorbs no cost of the Congestion Pricing toll, [Plaintiff] has sufficiently plead facts establishing his standing." R&R at 16. TLC's objection, however, concerns a different element of standing. Even assuming Plaintiff has adequately alleged an injury-in-fact, Article III separately requires that the alleged injury be "fairly traceable to the challenged conduct of the defendant, and not the result of the independent action of some third party not before the court." *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 84 (2d Cir. 2013) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). TLC argues that Plaintiff cannot satisfy the traceability requirement because Congestion Pricing is a "*State* program, created and implemented by New York State,

not by the City [or TLC]." TLC Obj. at 6; *see also* Dkt. No. 25 at 2, 9–10 (arguing lack of standing because "[t]he sole identifiable fee Plaintiff identifies is congestion pricing, which [is] a State program uncontrolled by the City").

The Complaint identifies only one specific governmental charge that allegedly caused Plaintiff injury: the toll associated with Congestion Pricing. Dkt. No. 1 at 2, 7. But the Complaint contains no factual allegations plausibly suggesting that TLC (or any other arm of City government) enacted, administers, collects, or otherwise controls the Congestion Pricing toll. Nor does Plaintiff dispute TLC's assertion that Congestion Pricing is a State program beyond the City's control.

The R&R recommends granting Plaintiff leave to amend because although "TLC is not a suable entity . . . an amendment could cure that deficiency by naming New York City as a defendant in place of TLC." R&R at 21–22. As explained above, while substituting the City for TLC would address the mis-named defendant problem, it would not remedy the fundamental jurisdictional defect because Plaintiff's allegations fail to establish Article III standing against either entity. Because amendment would be futile, the Court modifies the R&R to deny leave to amend as to TLC (or to add New York City as a substitute defendant). *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). In all other respects, the Court adopts Judge Lehrburger's analysis.

## IV. THE COURT FINDS NO CLEAR ERROR

The Court has reviewed those aspects of the R&R that were not the subject of any objection for clear error and finds none.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED that the R&R, Dkt. No. 43, is adopted in part and modified in part. TLC's motion to dismiss is GRANTED without leave to

amend. TBTA's motion to dismiss is GRANTED, and Plaintiff is granted leave to amend his claims against TBTA if he chooses to do so.

If Plaintiff elects to file an amended complaint, he shall do so by no later than August 17, 2026. Any amended complaint shall be limited to claims consistent with this Order. Failure to timely file an amended complaint may result in dismissal of the remaining claims with prejudice and without further notice.

The Clerk of Court is respectfully directed to terminate Defendant New York City Taxi and Limousine Commission as a party, and to mail a copy of this Order to Plaintiff.

Dated: July 15, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge